**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID BUFFA, | : | CIVIL ACTION NO. 10-5812 (MLC) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| BRITTANY MURRAY, | : | |
| Defendant. | : | |

**DAVID BUFFA**, who is a citizen of Lehigh County, Pennsylvania, brings this action ("Federal Action") pursuant to 28 U.S.C. § ("Section") 1332 against Brittany Murray, who is a New Jersey citizen, to recover damages for personal injuries ("Injuries") sustained in a motor vehicle accident ("Accident") in Bucks County, Pennsylvania. (Dkt. entry no. 1, Compl. at 1-2.) Buffa cites Pennsylvania state law in the Complaint. (Id. at 2, 5-6.)

**MURRAY** has brought a separate action against Buffa, as well as another party residing at Buffa's address, in the Pennsylvania Court of Common Pleas, Bucks County ("Pennsylvania State Action"). See Murray v. Buffa, No. 10-12382 (Pa. Ct. Com. Pl., Bucks Cnty.)

**BOTH** Lehigh County and Bucks County are served by the United States District Court for the Eastern District of Pennsylvania.

**THE COURT** has broad discretion under Section 1404 to transfer an action to a district where the action might have been more

properly brought.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995).

**THE FEDERAL ACTION** would have been more properly brought in the Eastern District of Pennsylvania, as (1) the Accident occurred, and the Injuries arose, therein, (2) the federal district court there will be more familiar with the Accident site, (3) the federal district court there will have personal jurisdiction over Murray because she has availed herself of the Pennsylvania state courts by bringing the Pennsylvania State Action, (4) the Pennsylvania State Action is ongoing therein, (5) many of the non-party witnesses probably live and work nearby, (6) evidence will be found there or nearby, and (7) controlling Pennsylvania law will be easily applied there.  See Lauria v. Mandalay Corp., No. 07-817, 2008 WL 3887608, at *5 (D.N.J. Aug. 18, 2008) (transferring action to Nevada even though plaintiff was citizen of — and medically treated in — New Jersey, as (1) claim arose in Nevada, (2) Nevada has local interest in determining local negligence issue, (3) Nevada court is more familiar with Nevada law, and (4) relevant evidence in Nevada); Decker v. Marriott Hotel Servs., No. 06-3191, 2007 WL 1630097, at *1 (E.D. Pa. June 4, 2007) (transferring action to Virginia even though plaintiff was Pennsylvania citizen, as defendant ran facility at issue and accident occurred, in Virginia).

**BUFFA'S CHOICE** of a New Jersey venue is accorded little deference because he is not a New Jersey citizen.  See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981).  Also, the convenience of counsel is not a consideration as to the issue of proper venue.  See Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973).

**THE COURT** thus will transfer the Federal Action to the Eastern District of Pennsylvania.  For good cause appearing, the Court will issue an appropriate order.

      s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  April 13, 2011